UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SUSAN BILKA,

        Plaintiff,

v.                                              Case No. 11-C-0430

WARDEN CATHY FARREY, et. al.,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff has lodged a complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. Plaintiff was a civilian employee of a Wisconsin state prison where she worked as a cook. Several months after starting her job she began an unauthorized relationship with MacKenzie Burse, an inmate whom she supervised. Plaintiff began to smuggle contraband to him in the prison. After eight months her activities were discovered she lost her job. She pled guilty to one count of delivering illegal articles to an inmate. She has served 45 days in the county jail and completed 18 months of probation. The inmate with whom she had/has a relationship remains incarcerated in the state prison system. Plaintiff's complaint alleges that prison authorities have thwarted her repeated attempts to visit Mr. Burse in prison.

Plaintiff has paid the required $350 filing fee. Nevertheless district courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999);

*Griffin v. Milwaukee County,* 369 Fed. Appx. 741, 743 (7th Cir. 2010). Here Plaintiff's claim fails to state a claim upon which relief can be granted and, therefore, will be dismissed.

## BACKGROUND

Plaintiff started working as a prison employee in April of 2004. (Compl. ¶ 15.) She knew that prison policies strictly forbid employees from having relationships with inmates. (*Id.*) Nevertheless Plaintiff started a relationship with Mr. Burse an inmate whom she supervised in the kitchen. By August 2004 Plaintiff began smuggling contraband into the prison for Mr. Burse. "Plaintiff smuggled marijuana, rolling papers, cellular phones and chargers, cocaine, whiskey, sunglasses, and tobacco products into [the prison] for Prisoner MacKenzie Burse." (Compl. ¶ 16.) After Plaintiff's smuggling was detected by prison authorities she resigned from her position on April 4, 2005. (Compl. ¶ 17.) She was charged with five counts of delivering illegal articles to an inmate on May 4, 2005 and she plead guilty on March 15, 2006. (Compl. ¶ 20.) She was sentenced to forty-five days in the county jail and eighteen months of probation. (*Id.*) In September of 2007, after completing her probation she attempted to visit Mr. Burse who was still incarcerated. (Compl. ¶ 22.) She learned that she was on a restriction list and was not allowed to visit him. (Compl. ¶ 23.)

Plaintiff claims that various prison officials refused to process her paper application to visit Mr. Burse. (Compl. ¶¶ 24-33). She alleges that she was "discriminatorily placed on the suspended visiting list" (Compl. ¶ 30) and alleges that Warden Cathy Farrey violated the equal protection clause by placing her on the suspended visiting list in deviation from normal practice. (Compl. ¶ 36.) She claims various other defendants violated the equal protection clause by "refusing to

remove" Plaintiff from the suspended list. (Compl. ¶¶ 37-40.) Plaintiff also claims that Defendant Farrey enforced an unconstitutional policy. (Compl. ¶ 42.) Finally, she alleges that various defendants deprived her of "inmate association" by refusing to allow her to visit Mr. Burse. (Compl. ¶¶ 44-48.) She seeks $2,400,011.00 in nominal and punitive damages. (Compl. ¶ 52.)

## ANALYSIS

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the

3

Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Here, Plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted. As the Supreme Court has noted "[P]rohibiting visitation by former inmates bears a self-evident connection to the State's interest in maintaining prison security and preventing future crimes." *Overton v. Bazzetta,* 539 U.S. 126, 134, 123 S.Ct. 2162 (2003). The denial of prison access to a visitor is well within the restrictions contemplated by a prison sentence. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 461 (1989). In light of the fact that Plaintiff smuggled drugs and cellular telephones to Mr. Burse, prison officials may certainly elect to prohibit Mr. Burse from receiving Plaintiff as a visitor. Moreover Plaintiff is not currently a prisoner and she lacks standing to assert a violation of Mr. Burse's purported right of inmate association. I note that it is unlikely that such a claim, even if brought by Mr. Burse would succeed because inmates' association rights may be curtailed to the extent that they may threaten the security of the institution. *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 132-33, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *See also Smith v. Farley* 52 F.3d 328 (7th Cir. 1995) (holding that prison regulations governing visitation rights do not give state inmates an enforceable liberty interest in receiving certain visitors).

Plaintiff's equal protection claim is equally meritless. Prisoners generally retain their right to equal protection; nonetheless, where the disparate treatment is not based on a suspect class, like race, a prison may treat inmates differently if the unequal treatment is rationally related to a legitimate penological interest. *See May v. Sheahan,* 226 F.3d 876, 882 (7th Cir. 2000); *Williams v. Lane,* 851 F.2d 867, 881 (7th Cir.1988). Here it is readily apparent why Plaintiff and Mr. Burse's

4

ability to visit was treated differently: they had been involved in smuggling contraband – including illegal drugs – into the prison over an eight month period of time. (Compl. ¶ 16.)

Moreover, in the interests of inmate security and proper rehabilitation, Wisconsin prison officials are entitled to construe Wisconsin Administrative Code § DOC 309.12(2) to mean that only persons who were known to the inmate *prior to* his incarceration may be allowed to visit the inmate. *Lomax v. Brekke* 4 F.3d 997, *2 (7th Cir.1993) (citing *Bell v. Wolfish,* 441 U.S. 520, 546-48 (1979)). Plaintiff has not alleged – nor is there any indication – that she knew Mr. Burse prior to his incarceration; therefore prison officials may prohibit Mr. Burse and Plaintiff from visiting while he remains confined.

Plaintiff has no constitutional right to visit Mr. Burse while he is incarcerated. Even assuming she did have such a right, it is clear that prison officials reasonably exercised their authority to prohibit such visits. Where a would-be visitor has a track record of smuggling contraband to the prisoner she seeks to visit, prison officials may prevent such visits from taking place. This is especially true when the would-be visitor is a former prison employee, not a family member of the prisoner, and did not know the prisoner until she had an unauthorized relationship with him while she was a prison employee and he was a prisoner under her supervision. Plaintiff's frivolous allegations cannot set forth a cognizable claim under 18 U.S.C. § 1983. Accordingly, and for the reasons set forth above this case is **dismissed** with prejudice for failure to state a claim. The clerk is directed to enter a judgment consistent with this order.

Dated this 10th day of May, 2011.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

5